Filing # 32633756 E-Filed 09/29/2015 04:20:52 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

AMERICAN EXAMINATION SERVICES,
INC., a Florida Corporation d/b/a APPS
PARAMEDICAL SERVICES OF NORTH
FLORIDA,

                   Plaintiff,

v.

TD BANK, NATIONAL ASSOCIATION,

                   Defendant.

_____/

### COMPLAINT

    The Plaintiff, AMERICAN EXAMINATION SERVICES, INC., d/b/a APPS PARAMEDICAL SERVICES OF NORTH FLORIDA (hereinafter referred to as "AES"), by and through the undersigned counsel, sues the Defendant, TD BANK, NATIONAL ASSOCIATION (hereinafter referred to as "TD BANK") and alleges:

    1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

    2.    AES is a Florida Corporation authorized to do business and conducts business in Duval County, Florida.

    3.    TD BANK is a Florida Corporation authorized to do business and conducts business in Duval County, Florida.

    4.    Venue is proper in Duval County, Florida because the acts giving rise to the above styled action occurred in Duval County, Florida.

5.      All conditions precedent to the filing of this lawsuit have been waived, satisfied, or occurred.

## Factual Allegations

6.      On July 31, 2000, AES executed and delivered a promissory note in the principal amount of $150,000.00 to TD BANK.

7.      In or about May of 2012, AES and TD BANK agreed to change the terms of the original promissory note.

8.      During the negotiation of the change in terms to the agreement, a Senior Lender and Vice President of TD BANK advised AES to not tender the May 2012 payment, while the renewal paperwork for the change in terms was generated.

9.      As such, AES did not tender the May 2012 payment at the direction of TD BANK.

10.      On May 17, 2012, AES executed a Change in Terms Agreement, Promissory Note and Business Loan Agreement.   Copies of the documents are attached hereto as composite Exhibit "A."

11.      The May 17, 2012 promissory note attached hereto indicates that the first payment on the loan was to be paid on June 17, 2012.

12.      The June payment was tendered on June 8, 2012, and AES began tendering monthly payments to TD BANK according to the renewed May 17, 2012 promissory note terms.

13.      In July of 2012, AES received the first notification that it was being assessed late fees despite AES having made on time payments in June and July.

14.     Upon inquiry by AES, TD BANK indicated that the late fees were assessed by mistake and were a result of the extended renewal process.

15.     TD BANK agreed that the late fees should be waived.

16.     AES' CEO spent countless hours disputing the account errors to employees of TD BANK to no avail.

17.     TD BANK continued to assess late fees and issue dunning calls to AES for incorrect overdue payments.

18.     TD BANK continued to assess late fees to AES' account despite timely monthly payments being made by AES.

19.     AES continued to dispute the errors on the account by indicating the principal amount was not correct and by challenging the late fees assessed to the account.

20.     TD BANK refused to correct the errors despite several of TD BANK's employees having knowledge of the discrepancies with the account.

21.     In May of 2013, AES's parent company, American Para Professional Systems, was in negotiations to merge with a competitor, Portamedic, a division of Hooper Holmes Corporation

22.     The deal to purchase the competitor required AES to obtain financing.

23.     When AES first approached BBVA Compass Bank for business financing, it denied her request, as did other business credit lending institutions.

24.     Unbeknownst to AES, TD BANK had reported AES to credit reporting agencies as delinquent for roughly the past two years despite AES' efforts to remedy the incorrect late fees and past due payments on the account.

3

25.   When approached about this error, TD BANK insisted that it was because she never tendered her May 2012 loan payment.

26.   TD BANK reported AES as a very high risk based on its own internal error and despite AES tendering monthly loan payments to TD BANK.

27.   TD BANK failed to correct the errors on the account despite AES' repeated requests.

28.   As TD BANK refused to correct the errors, AES was forced to file a complaint with the Consumer Financial Protection Bureau on July 17, 2014.

29.   Finally, on July 24, 2014, TD BANK admitted its error in a letter and agreed that AES should not have been reported as delinquent for the period of May 17, 2012 through June 30, 2014.  A copy of letter is attached hereto as Exhibit "B."

30.   As a direct result of TD BANK's erroneous credit reporting of AES as 60 days delinquent for two years, AES was denied reasonable financing during the purchase of its local competitor and was forced to borrow from predatory lenders at usurious interest rates at a time when AES needed the funding the most to grow its business and merge with the competitor that was estimated to increase revenues and market share by at least forty percent (40%).

31.   AES' cash flow, net worth, and growth after the merger has been negatively diminished as a result of being forced to utilize the predatory lenders for financing at usurious interest rates.

32.   AES has been forced to retain the services of the undersigned counsel in filing this action, and has agreed to pay a reasonable rate for counsel's services.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

## Count I – Breach of Contract

33.    AES avers all of the allegations contained in Paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they were fully set forth herein.

34.    AES entered into a loan agreement by executing the attached Promissory Note, Change of Terms Agreement and Business Loan Agreement on May 17, 2012.

35.    TD BANK breached the Promissory Note and Business Loan Agreement by falsely recording payments missed on the account that were in fact not due.

36.    TD BANK breached the loan agreement by improperly calculating the principal due on the loan leading to inaccurate interest accrual calculations.

37.    TD BANK breached the loan agreement by improperly assessing late fees to the account when said late fees were not permitted.

38.    The Promissory Note indicates that the first payment was due on June 17, 2012.

39.    AES tendered said payment, but was still charged late fees in violation of the Promissory Note's terms.

40.    TD BANK renewed the loan at a balance of $96,739.57, but the principal balance should have been $94,672.47 as of May 17, 2012, which is a difference of $2,067.10.

41.    Therefore, TD BANK has been improperly calculating the interest due on the Promissory Note since May 17, 2012 to present.

42.    TD BANK continued to materially breach the loan contract and assessed improper late fees and charges up and until July of 2014.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

43.   TD BANK continued to falsely report AES' loan as delinquent from May 2012 to July of 2014.

44.   TD BANK lulled AES into a false sense of complacency by assuring it the company's credit was not affected; however, AES continued to receive constant dunning calls and notices despite following every directive of TD BANK.

45.   As a direct result of TD BANK's continued material breach of the loan contract, AES' credit score and credit worthiness were adversely affected and AES was forced to borrow from predatory lenders at usurious interest rates in an attempt to grow its business.

46.   TD BANK's breach has negatively diminished the growth of AES' business after the merger as a result of having to make usurious loan payments that should have never been necessary to acquire.

47.   The CEO of AES spent hours of company time demanding TD BANK correct the errors on the account to no avail, leading to undue business interruption, loss of revenue, and loss of resources.

48.   TD BANK's actions referenced above have damaged AES.

WHEREFORE, the Plaintiff, AMERICAN EXAMINATION SERVICES, INC., respectfully requests that the Court enter a Judgment against TD BANK, NATIONAL ASSOCIATION, for all damages, costs, attorneys' fees according to Florida Statute § 57.105(7) and the "Attorneys' Fees and Expenses" provision of the promissory note, and such further and other relief as this Court may deem just and proper.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

## Count II – Breach of Covenant of Good Faith and Fair Dealing

49.     AES avers all of the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they were fully set forth herein.

50.     AES and TD BANK entered into a loan agreement consisting of a Promissory Note, Business Loan Agreement, and Change in Terms executed on May 17, 2012.

51.     In Florida, the duty of good faith and fair dealing is implied in all contracts.

52.     AES had a reasonable expectation that TD BANK would act in good faith and fair dealing in light of their express loan agreement.

53.     TD BANK breached the Promissory Note and Business Loan Agreement by falsely recording payments missed on the account that were in fact not due.

54.     TD BANK breached the loan agreement by improperly calculating the principal due on the loan leading to inaccurate interest accrual calculations.

55.     TD BANK breached the loan agreement by improperly assessing late fees to the account when said late fees were not permitted.

56.     TD BANK renewed the loan at a balance of $96,739.57, but the principal balance should have been $94,672.47 as of May 17, 2012, which is a difference of $2,067.10.

57.     Therefore, TD BANK has been improperly calculating the interest due on the Promissory Note since May 17, 2012 to present.

58.     TD BANK continued to materially breach the loan contract and assessed improper late fees and charges up and until July of 2014.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

59.    TD BANK acted in bad faith and continued to falsely report AES' loan as delinquent from May 2012 to July of 2014.

60.    Despite demand from the AES advising TD BANK of the problems with its account, TD BANK acted in bad faith by failing to correct the errors and remove the delinquency on its account for over two years.

61.    Each time AES demanded TD BANK fix the internal errors, TD BANK refused to correct the errors and continued to insist that AES did not make its May 2012 payment that we never in fact due.

62.    As a direct result of TD BANK's failure to act in accordance with the implied covenant of good faith and fair dealing, AES' credit score and credit worthiness were adversely affected and AES was forced to borrow from predatory lenders at usurious interest rates in an attempt to grow its business.

63.    TD BANK's breach has negatively diminished the growth of AES' business after the merger as a result of having to make usurious loan payments that should have never been necessary to acquire.

64.    The CEO of AES spent hours of company time demanding TD BANK correct the errors on the account to no avail, leading to undue business interruption, loss of revenue, and loss of resources.

65.    TD BANK's actions referenced above have damaged AES.

WHEREFORE, the Plaintiff, AMERICAN EXAMINATION SERVICES, INC., respectfully requests that the Court enter a Judgment against TD BANK, NATIONAL ASSOCIATION, for all damages, costs, attorneys' fees according to Florida Statute

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

§ 57.105(7) and the "Attorneys' Fees and Expenses" provision of the promissory note, and such further and other relief as this Court may deem just and proper.

**Count III – Violation of Florida Consumer Collection Practices Act ("FCCPA")**

66.    AES avers all of the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they were fully set forth herein.

67.    AES has been the object of collection activity by TD BANK arising from the subject debt.

68.    TD BANK is a "person" as defined by the FCCPA.

69.    The status of AES' subject debt obligation was incorrectly labeled delinquent or in default at the time TD BANK attempted to collect the debt.

70.    Specifically, AES and TD BANK entered into a loan agreement by executing the attached Promissory Note on May 17, 2012.

71.    TD BANK falsely recorded payments missed on the account that were in fact not due.

72.    TD BANK improperly calculated the principal due on the loan leading to inaccurate interest accrual calculations.

73.    TD BANK improperly assessed late fees to the account when said late fees were not permitted.

74.    The Promissory Note indicates that the first payment was due on June 17, 2012.

75.    AES tendered said payment, but was still charged late fees in violation of the Promissory Note's terms.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

76.     TD BANK renewed the loan at a balance of $96,739.57, but the principal balance should have been $94,672.47 as of May 17, 2012, which is a difference of $2,067.10.

77.     TD BANK has improperly calculated the interest due on the Promissory Note since May 17, 2012 to present.

78.     TD BANK continued to assess improper late fees and charges up and until July of 2014.

79.     TD BANK falsely report AES' loan as delinquent from May 2012 to July of 2014.

80.     AES received constant dunning calls and notices despite following every directive of TD BANK.

81.     AES received false dunning and default notices of delinquent status from July 2012 to July 2014 despite making regular monthly payments on the loan.

82.     AES received erroneous collection calls in spite of advising TD BANK of the errors on its account.

83.     TD BANK demanded payment for improper late fees and charges that were incorrectly assessed to AES' account up and until July 2014.

84.     From July 2012 to July 2014, TD BANK attempted to collect an invalid delinquency amount from AES.

85.     TD asserted a legal right that did not exist and it had knowledge that the legal right did not exist at the time of assertion.

86.     AES had consistently notified TD BANK via telephone and written correspondence that the delinquency on her account was wrong.

10

87.   Despite TD BANK's knowledge of the invalid delinquency and late charges to the account, TD BANK continued to violate Florida Statute § 559.72(9) of the FCCPA which provides "[i]n collecting consumer debts, no person shall: (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

88.   TD BANK attempted to assert the right to collect erroneous late fees, interest and delinquency amounts up and until July 2014.

89.   TD BANK knew this right did not exist, continued to attempt to collect on the debt that TD BANK knew was disputed by AES and failed to correct the problem for over two years.

90.   TD BANK violated section five (5) of the FCCPA by disclosing an improper delinquency amount to credit reporting agencies.

91.   Florida Statute § 559.72(5) provides "[i]n collecting consumer debts, no person shall: Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know . . . that the information is false."

92.   AES made ample contact with TD BANK regarding the errors on her account and TD BANK refused to correct the errors on the account.

93.   TD BANK continued to report delinquent status of the loan to credit reporting agencies from July 2012 to July 2014, despite having knowledge or reason to know that the delinquency and late fees associated with the account were incorrect.

94.    TD BANK's internal account information was inaccurate and incompetently kept and the immediate transfer of the information to credit reporting agencies from July 2012 to July 2014 without regard to AES disputing the delinquency is a violation of the section referenced above.

95.    AES has been damaged as a direct result of the aforementioned violations of the FCCPA as set forth more fully above in this Complaint.

WHEREFORE, the Plaintiff, AMERICAN EXAMINATION SERVICES, INC., respectfully requests that the Court enter a Judgment against TD BANK, NATIONAL ASSOCIATION, for all damages authorized by the FCCPA, costs, attorneys' fees and such further and other relief as this Court may deem just and proper.

## Count IV - Defamation

96.    AES avers all of the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they were fully set forth herein.

97.    TD BANK published a debt obligation on AES' credit reports that it knew or should have known was false.

98.    Despite AES contesting the validity of the debt obligation for two years, TD BANK continued to publish the inaccurate debt obligation to credit reporting agencies from July 2012 to July 2014.

99.    TD BANK's actions were done without privilege, and with a willful intent to injure AES.

100.    TD BANK had knowledge through AES' constant dispute of the delinquency that said delinquency was without merit.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

101.  TD BANK assumed a duty through the subscriber agreements with the credit reporting agencies to accurately report the balance of AES' debt obligation.

102.  TD BANK violated its duty and such violations were made intentionally or with wonton, reckless, or negligent disregard as to the negative impact it would have on AES.

103.  It is foreseeable, and TD BANK did, in fact, foresee that its refusal to properly fix or update AES account status would cause the exact type of harm now suffered.

104.  TD BANK acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealing with and about AES as set forth more fully in this Complaint.

105.  AES' reputation was damaged as a result of TD BANK's actions.

WHEREFORE, AMERICAN EXAMINATION SERVICES, INC., respectfully requests that the Court enter a Judgment against TD BANK, NATIONAL ASSOCIATION, for all damages, costs, attorneys' fees and such further and other relief as this Court may deem just and proper.

## Count V - Negligence

106.  AES avers all of the allegations contained in paragraphs 1 through 32 above, and incorporates them in this Count by reference as though they were fully set forth herein.

107.  TD BANK assumed a duty to AES through the subscriber agreements with the credit reporting agencies to accurately report the balance of AES' debt obligation.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

108.   TD BANK negligently published a debt obligation on AES' credit reports that it knew or should have known was false.

109.   Despite AES contesting the validity of the debt obligation for two years, TD BANK continued to publish the inaccurate debt obligation to credit reporting agencies from July 2012 to July 2014.

110.   TD BANK had knowledge through AES' constant dispute of the delinquency that said delinquency was without merit.

111.   TD BANK negligently violated its duty to accurately report AES' debt obligation by erroneously reporting AES as delinquent for two years.

112.   It is foreseeable, and TD BANK did, in fact, foresee that its refusal to properly fix or update AES account status would cause the exact type of harm now suffered.

113.   AES' credit score and credit worthiness were adversely affected and AES was forced to borrow from predatory lenders at usurious interest rates in an attempt to grow its business because of TD BANK's negligence.

114.   TD BANK's negligent actions have negatively diminished the growth of AES' business after the merger with its competitor because AES was forced to pay usurious loans that should have never been necessary to acquire.

115.   The CEO of AES has spent hours of company time demanding TD BANK correct the errors on the account to no avail, leading to undue business interruption, loss of revenue, and loss of resources.

116.   TD BANK's actions referenced above have damaged AES.

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

WHEREFORE, AMERICAN EXAMINATION SERVICES, INC., respectfully requests that the Court enter a Judgment against TD BANK, NATIONAL ASSOCIATION, for all damages, costs, attorneys' fees and such further and other relief as this Court may deem just and proper.

### Jury Demand

The Plaintiff, AMERICAN EXAMINATION SERVICES, INC., hereby demands a jury trial on all issues so triable.

---

**DESIGNATION OF EMAIL ADDRESS(ES) FOR SERVICE**
(Pursuant to Rule 2.516 Fla. R. Jud. Admin.)

The undersigned attorneys of The Ticktin Law Group, P.A., hereby designate the following Email Address(es) for service in the above styled matter. Service shall be complete upon emailing to the following email address(es) in this Designation, provided that the provisions of Rule 2.516 are followed.

**Serv526@LegalBrains.com**

**SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

---

Respectfully submitted on September 29, 2015.

**THE TICKTIN LAW GROUP, P.A.**
Counsel for the Plaintiff
600 West Hillsboro Boulevard
Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757


/s/ Thomas Eross Jr.
THOMAS EROSS JR.
Florida Bar No. 91047

15