IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:15-cv-01374-HLA-JBT

AMERICAN EXAMINATION SERVICES, INC., A FLORID CORPORATION D/B/A APPS PARAMEDICAL SERVICES OF NORTH FLORIDA

    Plaintiff,

v.

TD BANK, NATIONAL ASSOCIATION,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO TD BANK, NATIONAL ASSOCIATION'S MOTION TO DISMISS UNDER RULE 12(b)(6) AND SUPPORTING MEMORANDUM OF LAW**

    The Plaintiff, AMERICAN EXAMINATION SERVICES, INC., a Florida Corporation d/b/a/ APPS PARAMEDICAL SERVICES OF NORTH FLORIDA (hereinafter referred to as "AES"), by and through its undersigned attorney, hereby serves its Response to the Defendant's, TD BANK, NATIONAL ASSOCIATION (hereinafter referred to as "TD BANK"), Motion to Dismiss under Rule 12(b)(6) [Doc. 4], and in support states the following:

**Introduction/Factual Background**

    1.    On September 29, 2015, AES filed its Complaint and Demand for Jury Trial in the Fourth Judicial Circuit in and for Duval County, Florida alleging material facts of the events that amount to claims against TD BANK. [Doc. 2]

    2.    On November 17, 2015, TD BANK filed its Notice of Removal from Duval County Court to this Court. [Doc. 1].

3. AES' Complaint alleged five counts against TD BANK; and said counts alleged are Count I (Breach of Contract), Count II (Breach of Covenant of Good Faith and Fair Dealing), Count III (Violation of Florida Consumer Collection Practices Act ("FCCPA"), Count IV (Defamation), and Count V (Negligence). [Doc. 2]. AES relies on the facts of its Complaint and exhibits attached thereto for the purposes of this Response.

4. On November 24, 2015, TD BANK filed a Motion to Dismiss the Plaintiff's Complaint as to Counts I, Count II, Count III, and County IV only. [Doc. 4].

5. This response follows.

**Argument and Incorporated Memorandum of Law**

6. "On a Motion to Dismiss, the Court construes the complaint in the light most favorable to the plaintiff and takes the factual allegations as true." *Persaud v. Bank of America, N.A.*, No. 14-21819-CIV, 2014 WL 4260853, at *4 (S.D. Fla. Aug. 28, 2014). As a result, for the purposes of this Court's consideration of TD BANK's Motion and this Response, all facts contained in the Complaint [Doc. 2] must be accepted as true to determine whether a proper claim has been pled for which relief may be granted.

7. "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations. [A] well pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) *citing Neitzke v. Williams,* 490 U.S. 319, 327 (1989) and *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

8. "On a Motion to Dismiss, the Court construes the complaint in the light most favorable to the plaintiff . . ." *Persaud v. Bank of America, N.A.*, No. 14-21819-CIV, 2014 WL 4260853, at *4 (S.D. Fla. Aug. 28, 2014).

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

9.      AES plead sufficient facts to support its claims for breach of contract, breach of covenant of good faith and fair dealing, violation of the FCCPA and defamation.  For these reasons, Counts I, II, III and IV should be upheld and TD BANK's Motion to Dismiss denied.

**A.     AES properly Pled a Claim for Breach of Contract.**

10.     AES agrees that an adequately pled breach of contract action requires a valid contract; a material breach and damage.  AES submits that all elements exist in its Complaint and TD BANK's Motion to Dismiss should be denied.

11.     TD BANK claims Counts I (Breach of Contract) should be dismissed because the express terms of the contract between AES and TD BANK contradict AES' allegations.  Additionally, TD BANK asserts that parol evidence cannot be introduced to modify the terms of the written agreements.  While this statement of the law is accurate, TD BANK misreads or misinterprets the Complaint to presume AES is alleging that the oral statement made by TD BANK modified the terms of the prior loan terms.  This is an inaccurate statement of the facts.

12.     AES properly alleged that the Change in Terms Agreement, Promissory Note with revised terms and Business Loan Agreement modified the previous loan terms and that TD BANK was improperly assessing late fees on a missed payment from the old loan terms that are no longer applicable. *See* [Doc. 2 at ¶¶ 6-15].  Upon execution of the Change in Terms Agreement on May 17, 2012, any payments allegedly missed or due and owing under the old loan terms were voided or waived and the new terms, which indicated a first payment on June 17, 2012, were in effect.  AES complied with the new terms, but was improperly charged a missed payment, late fees based on a payment missed that was no longer due.

13.     AES properly pled that AES and TD BANK entered inter a valid contract. [Doc. 2 at ¶¶ 6-15, 34].

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

14. AES plead that said contract was materially breached the contract by falsely assessing the missed May 2012 payment that was not due; improperly calculating principal and interest due; and assessing improper late fees. [Doc. 2 at ¶¶ 6-15, 34-42].

15. TD BANK incorrectly asserts that AES is claiming the incorrect reporting of the payment history is the breach of the Agreement. [Doc. 4 at 10-11]. However, AES has correctly alleged that the breach of the expressed terms of the modified Agreement were erroneously assessing a missed May 2012 payment to the new loan that in fact was not due under the changed terms and continually charging improper late fees and interest based thereon that were not in fact authorized. TD BANK's incorrect reporting of the account balance is the effect the material breaches identified above caused which result in damage to AES.

16. Lastly, as a direct result of the breaches identified above, AES has suffered damage identified as adverse affects on the debt owed, credit score, credit worthiness and causing AES to borrow at significantly higher interest rates because of TD BANK's false negative reporting of the debt. [Doc. 2 at ¶¶ 41-42, 45-47]. *See generally Grove Isle Ass'n Inc. v. Grove Isle Assoc. s., LLP*, 137 So. 3d 1081, 1095 (Fla. 3d DCA 2014); *Persaud*, 2014 WL 4260853, at *11.

17. AES has adequately pled breach of contract claim within the four corners of the Complaint. Thus, TD BANK's Motion to Dismiss should be denied as to Count I.

    **B.**     **Breach of Contract was Adequately Pled and Breach of Covenant of Good Faith and Fair Dealing therefore Stands.**

18. TD BANK claims Count II (Breach of Covenant of Good Faith and Fair Dealing) should be dismissed for the sole reason that a breach of the covenant of good faith and fair dealing cannot exist without a breach of contract. However, accepting the allegations of the

4

Complaint as true, AES alleged breaches of the Complaint as discussed above in Section A of this Response. As AES adequately alleged that TD BANK breached the expressed terms of the modified Agreement, Counts II should stand and the Motion to Dismiss should be denied.

    **C.    Accepting Facts as True, Count III Pled a Cause of Action pursuant to the FCCPA.**

19.    TD BANK argues that Count III should be dismissed as well because AES is a business entity with a commercial loan, and not a natural person with a personal loan.

20.    AES asserts accepting the facts alleged in Count III as true, a proper claim for violations of the FCCPA exists. However, if this Court agrees with TD BANK's assessment of the law and determines dismissal of Count III is appropriate, that said dismissal be without prejudice and provide AES an opportunity to amend the Complaint accordingly.

    **D.    AES' Claim for Defamation Sufficiently Pled the Malice Element and TD BANK communications were not privileged.**

21.    Lastly, TD BANK argues that Count IV (Defamation) should be dismissed because there has been no showing of bad faith or intent to harm, and that TD BANK is protected by qualified privilege.

22.    As AES properly alleged in its Complaint, the validity of debt was contested by AES for two years, but TD BANK continued to publish the inaccurate debt obligation to credit reporting companies from July 2012 to July 2014.  [Doc. 2 ¶¶ 24-27, 97-103].

23.    AES alleged that it contested the validity of the debt but TD BANK continued to publish inaccurate information with knowledge that it was inaccurate and with willful intent to injure.

24.    Similarly, the information was not privileged between TD BANK and the credit reporting companies because the communication was not made in "good faith" as argued by TD

5

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

BANK.  The allegations, if taken as true, clearly illustrate that TD BANK knew the information was incorrect for two years by virtue of AES repeated requests to correct the errors on the account, but chose to continue to furnish the incorrect information anyway.

25.     Furthermore, it was not until AES reported TD BANK to the Consumer Financial Protection Bureau (hereinafter referred to as "CFPB") on July 17, 2014, that TD BANK finally took AES seriously and completed the necessary steps to properly review AES' account and determined that TD BANK had erred.  The sending of a "good faith" letter from TD BANK came two years too late, as it did not come about until AES reported TD BANK to the CFPB, and did not rectify the harm caused by two years worth of incorrect credit reporting practices.  A copy of the letter sent by TD BANK to AES admitting this error is attached to the AES' Complaint as Exhibit "B."

   **E.**  **The Defamation Claim is not Time Barred.**

26.     TD BANK's argument that AES' Defamation claim is time barred is also without merit because the statute of limitations period for defamation is two (2) years.  *See Florida Statutes §* 95.11(4)(g).  The acts complained of in the defamation count continued up and until June 2014.  Likewise, the Complaint was filed in Duval County on September 29, 2015, which is within the two (2) year statutory period.

27.     Moreover, the Complaint alleges the Defendant lulled AES into a false sense of complacency by assuring it the errors would be fixed. *See generally Kelley v. Metropolitan Life Ins. Co.*, 13-61864, 2013 WL 5797367 (S.D. Fla. October 18, 2013) ("Estoppel can preclude a limitations defense where the defendant's misconduct induced the plaintiff to forbear suit.")

28.     As such, the Motion to Dismiss should be denied as to Count IV as well.

6

29.     In the alternative, if this Court determines that any portions or counts of the Complaint should be dismissed, AES respectfully requests that dismissal should be without prejudice and allow AES to amend the Complaint accordingly. *Weiss v. PPG Industries, Inc.*, 148 F.R.D. 289, 294 (M.D. Fla. April 13, 1993) (Granted Motion to Dismiss as to certain counts of a Corrected Amended Complaint without prejudice with leave to Amend).

WHEREFORE, the Plaintiff, AMERICAN EXAMINATION SERVICES, INC., a Florida Corporation d/b/a/ APPS PARAMEDICAL SERVICES OF NORTH FLORIDA, respectfully requests this Honorable Court deny the Defendant's, TD BANK, NATIONAL ASSOCIATION's Motion to Dismiss as to all counts, or in the alternative, if this Court is inclined to grant the Motion to Dismiss as to any Counts, that it be without prejudice with leave to amend, and grant such further and other relief as this Honorable Court deems just and proper.

Dated this 22nd Day of December, 2015.

Respectfully Submitted,

/s/ Thomas Eross, Jr._____
Thomas Eross Jr.
Florida Bar No.: 91047
Serv526@LegalBrains.com
**THE TICKTIN LAW GROUP, P.A.**
600 West Hillsboro Boulevard
Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Facsimile: (954) 570-6760
Attorney for the Plaintiff

7

**THE TICKTIN LAW GROUP, P.A.**
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2015, the foregoing document was served on all counsel of record or pro se parties identified on the attached Service List to their designated electronic service email addresses.

/s/ Thomas Eross, Jr.
Thomas Eross
Florida Bar No.: 91047
Serv526@LegalBrains.com
**THE TICKTIN LAW GROUP, P.A.**
600 West Hillsboro Boulevard
Suite 220
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Facsimile: (954) 570-6760
Attorney for the Plaintiff

## SERVICE LIST

**American Examination Services, Inc. v. TD Bank, N.A.
Case No.: 3:15-cv-01374-HLA-JBT
United States District Court/Middle District of Florida**

Alvin D. Lodish, Esquire
adlodish@duanemorris.com
Duane Morris, LLP
200 South Biscanyne Boulevard
Southeast Financial Center, Suite 3400
Miami, Florida 33131-2318